BOYD, Justice.
This disciplinary proceeding is before us to review a referee’s report which recommends that respondent be suspended for a period of three years and thereafter until proof of rehabilitation. The Florida Bar has filed a petition for review, seeking respondent’s disbarment. We have exclusive jurisdiction of this cause pursuant to article Y, section 15 of the Florida Constitution.
The Florida Bar filed a seven-count complaint against respondent. The first count charged him with neglecting a legal matter. Counts two through six charged him with appropriating funds from five separate estates for his personal use. Count seven charged him with not maintaining adequate trust account records. Respondent did not contest, but admitted the factual allegations in the complaint. Respondent testified that full restitution had been made to three of the clients and that arrangements had been made to settle the claims of the other two clients.
The referee found respondent guilty of all seven counts. However, he noted in his report several mitigating factors.
, IV. Recommendation as to Disciplinary measures to be applied: I recommend that respondent be suspended from the practice of law for a period of three years and thereafter until he shall prove his rehabilitation as provided in Rule 11.-10(3). As in the previous disciplinary action, the respondent is remorseful, contrite and embarrassed by his conduct. In amounts satisfactory to the persons entitled thereto, he has made restitution. Respondent has liquidated holdings and incurred indebtedness to accomplish this, at real sacrifice to himself and to his family. He should be commended for his effort, but it should be remembered that his own wrongdoing required this action and that many of the restitution settlements were arrived at by compromise with those who suffered the losses.
V. Personal History and Past Disciplinary Record: The personal history of respondent is taken from the opinion of the Supreme Court of Florida in a prior disciplinary proceeding reported in 396 So.2d 165. Respondent is 56 years old, a graduate of the University of Florida and the Harvard Law School. He was admitted to the Florida Bar in 1951 and has since served as an administrative assistant to a Florida congressman; has occupied positions within the Bar; is in poor health, *50 suffering from Parkinson’s disease, and has a wife and four children to support. Respondent has a prior disciplinary record in that he was suspended for six months until proof of his rehabilitation by order of the Supreme Court filed March 12, 1981, 396 So.2d 165.
Under the circumstances of this case, we do not believe that disbarment is the appropriate disciplinary action. We conclude that the referee recommended the proper punishment for respondent’s serious acts of ethical misconduct. We therefore adopt the referee’s findings and approve his recommendation. Effective upon filing this order respondent shall be suspended from the practice of law in Florida for three years and until he shall prove his rehabilitation as provided in rule 11.10(3) and shall pay the costs of this proceeding in the amount of $4,918.53.
It is so ordered.
ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion.