PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee recommending that Bryan be disbarred from the practice of law in the State of Florida. We have jurisdiction. Art. V, § 15, Fla. Const.
*396 On July 8, 1986, The Florida Bar filed a complaint against Bryan charging him with: conduct contrary to honesty, justice, or good morals; illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in other conduct that reflects adversely on his fitness to practice law.[1] Although Bryan did not file a response to the complaint and failed to respond to the bar’s Request for Admissions as directed at the Status Conference, he denied the allegations at the formal hearing. As a result of his failure to respond, the referee found the following facts admitted.
On two separate occasions, Paul Jackson Bryan made written application for a Master Card and a Visa card from Barnett Bank of Jacksonville, Florida, in the name of W.H. Bryan, his deceased father. He used these cards from approximately November 9, 1983, through at least May 8, 1984, to obtain money, goods, services or other things of value. The unpaid balance was approximately $859.32 on the Master Card and $908.00 on the Visa card when matters were discovered and the cards revoked. This fraudulent use of credit cards violated section 817.61 of the Florida Statutes and constituted a third degree felony since the amount of money, goods, or services exceeded $100 within a six month period. The referee also found that Bryan knew when he applied in writing for both cards that he was doing so in the name of a person other than himself and that he was attempting to procure, and did procure, credit cards by the use of a false statement.
Bryan was charged in a four count information in the Circuit Court for the Seventh Judicial Circuit in and for Putnam County with two counts of using a false statement to procure a credit card in violation of section 817.59, Florida Statutes, and two counts of of fraudulent use of a credit card in violation of section 817.61, Florida Statutes. He entered a plea of nolo contendere to one count of fraudulent use of a credit card, a third degree felony, and was adjudicated guilty, placed on three years probation, and ordered to make restitution. The referee recommends that Bryan be found guilty of all violations charged in the complaint, finding that “[t]he evidence, even when considered separate from the Admissions, clearly shows that Respondent violated the Florida Bar’s Integration Rule and the Florida Bar’s Code of Professional Responsibility.”
In light of Bryan’s past violations, the referee recommends disbarment. See The Florida Bar v. Bryan, 396 So.2d 165 (Fla.1981) (where Bryan received a six (6) month suspension in 1981 for engaging in conduct involving moral turpitude, dishonesty, fraud, deceit and misrepresentation; failure to maintain complete records of all funds and other properties of clients coming into his possession and failure to render appropriate accounts to his clients regarding them; failure to pay or deliver upon demand to a client the client’s funds and other property in his possession which the client was entitled to receive; comingling personal money with trust funds and drawing upon trust accounts for the payments of personal bills and expenses of his law practice; and failure to maintain prescribed minimum trust accounting records and failure to follow minimum trust accounting procedure); and The Florida Bar v. Bryan, 432 So.2d 49 (Fla.1983) (where Bryan received a three year suspension in 1983 for seven counts of misconduct, including neglecting a legal matter; appropriating funds from five separate estates for his personal use; and failing to maintain adequate trust records).
We approve the referee’s report and adopt his recommendations as to guilt and discipline. Accordingly, Paul Jackson Bryan is hereby disbarred from the practice of law in the State of Florida. Since he is currently suspended for the felony conviction as well as the 1983 disciplinary procedure for which he has failed to show *397 rehabilitation, disbarment shall be effective immediately. No application for readmission may be tendered within five (5) years after the date of this opinion. See Rules Regulating The Florida Bar, Rule 3-7.9. Judgment for costs in the amount of $1,183.79 is hereby entered against Bryan, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. Former Fla.Bar Integr.Rule, art. XI, Rule 11.-02(3)(a) and D.R. 1-102(A)(3), 1-102(A)(4), and 1-102(A)(6) of the former Fla.Bar Code Prof. Resp.